UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CEMENT MASONS' UNION LOCAL NO. 592 PENSION FUND, <br> CEMENT MASONS' UNION LOCAL NO. 592 WELFARE FUND, <br> CEMENT MASONS' UNION LOCAL NO. 592 JOINT APPRENTICESHIP TRAINING FUND, <br> GENERAL BUILDING CONTRACTORS ASSOCIATION, INC. INDUSTRY ADVANCEMENT PROGRAM, <br> CEMENT MASONS' UNION LOCAL NO. 592 POLITICAL ACTION COMMITTEE, <br> CEMENT MASONS' UNION LOCAL 592 OF PHILADELPHIA, PA; and <br> MARK WILDSMITH, a Fiduciary <br> 7821 Bartram Avenue, Suite 102 <br> Philadelphia, PA 19153, <br><br>                              Plaintiffs, <br><br>     v. <br><br> AURAND MASONRY CONTRACTORS, LLC <br> 920 East Blenheim Avenue, Unit 2 <br> Blackwood, NJ 08012 <br><br>                              Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION <br> NO. |

## **COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## **JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 185(a), 1132 and 1145 and 28 U.S.C. § 1367.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4. Plaintiff Cement Masons' Union Local No. 592 Pension Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Pension Plan, a multiemployer plan and pension plan within the meaning of 29 U.S.C. § 1002(37), (2). The Pension Fund, its trustees and the Pension Plan are referenced jointly or severally as the "Pension Fund" in this Complaint.

5. Plaintiff Cement Masons' Union Local No. 592 Welfare Fund is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), of the Cement Masons' Union Local No. 592 Welfare Plan, a multiemployer plan and welfare plan within the meaning of 29 U.S.C. § 1002(37), (l). The Welfare Fund, its trustees and the Plan are referenced jointly or severally as the "Welfare Fund" in this Complaint. The Welfare Fund is also known as and referenced as the "Cement Masons Local Union No. 592 Health and Welfare Fund" and "Health and Welfare Fund" in the Labor Agreement(s) relating to this Complaint.

6. Plaintiff Cement Masons' Joint Apprenticeship Training Fund of Philadelphia and Vicinity ("Apprenticeship Fund" and, together with Pension Fund and Welfare Fund, "ERISA Funds") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor" within the meaning of 29 U.S.C. §§

1102(a), 1002(16), (21) of a multiemployer plan within the meaning of 29 U.S.C. § 1002(37), (l) of the same name. The Apprenticeship Fund is also known as and referenced as the "Plasterers and Cement Masons Joint Apprenticeship Training Funds" and "Joint Apprenticeship Training Fund" in the Labor Agreement(s) relating to this Complaint.

7. Plaintiff General Building Contractors Association Inc. Industry Advancement Program ("IAP") is a fund established by the General Building Contractors Association, Inc. for the purpose of fostering and advancing the interest of the general building construction industry in the Philadelphia metropolitan area. The IAP is also known as and referenced as the "Industry Advancement Program" in the Labor Agreement(s) relating to this Complaint.

8. Plaintiff Cement Masons' Union Local No. 592 Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. § 431 et seq. for the purpose of advancing the political interests of the members of the Union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

9. Plaintiff Cement Masons' Union Local No. 592 of Philadelphia, PA ("Union" and together with ERISA Funds, IAP, and PAC, "Funds") is an unincorporated association commonly referred to as a labor union and is an employee organization that represents, for purposes of collective bargaining, employees of Aurand Masonry Contractors, LLC ("Company" or "Defendant"), who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§ 152(5), (6) and (7), 185(a) and 1002(4), (11) and (12). The Union is the authorized collection agent for PAC and IAP and is authorized to collect all monies due and owing to them, including field dues check-off.

10. The Funds all maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

11.     Plaintiff Mark Wildsmith ("Wildsmith" and together with Funds, "Plaintiffs") is a fiduciary with respect to the ERISA Funds within the meaning of 29 U.S.C. § 1002(21). He is authorized to bring this action on behalf of all Trustees of the ERISA Funds, the PAC, and the Union. He is trustee ad litem for the IAP in connection with this action.

12.     Aurand Masonry Contractors, LLC ("Company" or "Defendant"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office or registered agent at the address listed in the caption.

## COMMON FACTS

13.     At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract"). A copy of the Labor Contract to which Company is bound and a notice of assignment of Company's bargaining rights to the General Building Contractors Association are attached collectively as Exhibit 1.

14.     Defendant also signed or agreed to abide by the terms of the trust agreements of the ERISA Funds, as amended from time to time (jointly referred to as "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

15.     Under the Labor Contract or Trust Agreements and applicable law, Defendant is required:

    a.     To make full and timely payments on a regular basis to the ERISA Funds, Union and Associations as required by the Labor Contract;

  b. To file timely remittance reports with the ERISA Funds detailing all employees or work for which contributions were required under the Labor Contract;

  c. To produce, upon request by the ERISA Funds individually or jointly, all books and records deemed necessary to conduct an audit of their records concerning their obligations to the ERISA Funds, Union, and Associations; and

  d. To pay liquidated damages, interest and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Defendant's failure to comply with its contractual obligations described in Subparagraphs (a), (b), and (c).

16. On December 22, 2017, Defendant and the ERISA Funds entered into a settlement agreement to resolve a delinquency owed by Company to the Funds ("2017 Agreement"). On January 14, 2021, Defendant and the ERISA Funds entered into a "Second Settlement Agreement" that incorporated the balance of the 2017 Agreement plus amounts owed that were revealed by a payroll compliance review conducted by the Funds' auditors for the period March 7, 2016 through May 12, 2019 ("2019 Audit").

17. The Second Settlement Agreement included a conditional waiver of $21,152.95 so long as Company did not breach or violate the terms of the agreement.

18. Defendant submitted monthly installment payments under the Second Settlement Agreement. However, Defendant did not timely submit remittance reports and/or contributions to the ERISA Funds for work performed during the period April 2022 through present. Defendant's CBA, the ERISA Funds' governing documents, and the Second Settlement Agreement all required Company to timely submit reports and contributions.

19. The ERISA Funds' auditors completed a payroll compliance review of Company's books and records for the period May 13, 2019 through December 31, 2021 ("2022 Audit"). The 2022 Audit revealed exceptions of $197,267.99 in contributions, plus $11,126.48 in interest through May 27, 2022, $19,726.80 in liquidated damages, and $2,079.57 in audit costs. The Funds' auditors and the Fund Office notified Company in writing of the amounts due under the 2022 Audit.

20. On August 9, 2022, the Funds, through counsel, sent Company a written Notice of Default of the Second Settlement Agreement. The Notice included a demand for remittance reports and/or contributions for the period April 2022 through June 2022, and amounts owed the Funds based upon the 2022 Audit.

21. Company did not cure the default.

22. Company has not submitted payment for the 2022 Audit delinquency.

23. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### COUNT I - CONTRIBUTIONS DUE UNDER ERISA – SUM CERTAIN

**ERISA FUNDS**
**v.**
**DEFENDANT**

24. The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25. Defendant has failed to make contributions to the ERISA Funds in violation of 29 U.S.C. § 1145 in a period not barred by any applicable statute of limitations or similar bar.

26. Based on information currently available to the ERISA Funds as a result of the 2022 Audit of Company's records, Defendant failed to pay amounts due under the Labor

Contracts, Trust Agreements and Plan from May 13, 2019 through December 31, 2021 in violation of 29 U.S.C. § 1145 as detailed on the attached Exhibit 2.

27. The ERISA Funds have been damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant in favor of the ERISA Funds individually for the contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceeding to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS DUE UNDER CONTRACT – SUM CERTAIN

**PLAINTIFFS**
**v.**
**DEFENDANT**

28. The allegations of Paragraphs 1 through 27 are incorporated by reference as if fully restated.

29. Defendant failed to make contributions to the Plaintiffs as required by the Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

30. Based upon information currently available to the Plaintiffs as a result of the 2022 Audit of Company's records, Company has failed to pay amounts due under the Labor Contract, Trust Agreements, and Plan from May 13, 2019 through December 31, 2021 in at least the sum of $230,200.84 in violation of 29 U.S.C. § 1145, as detailed on the attached Exhibit 2.

31. The Plaintiffs have been damaged by Defendant's failure to make contributions as required by the Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against the Defendant in favor of the Plaintiffs for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III – BREACH OF CONTRACT

**PLAINTIFFS**
**v.**
**DEFENDANT**

32. The allegations asserted in Paragraphs 1 through 31 are incorporated by reference as if fully restated.

33. Defendant defaulted on its obligations under the Second Settlement Agreement.

34. Pursuant to paragraphs 8(a), 9, and 18 of the Second Settlement Agreement, Plaintiffs provided Notice of default for failing to submit timely reports and contributions to the Funds for the period April 2022 through present.

35. Defendant did not cure the default.

36. Under Paragraph 9 of the Second Settlement Agreement, in the event of a default, Defendant's debt is accelerated and the Funds are entitled to collect "the then full outstanding balance they are owed plus all such other amounts to which they may be entitled."

37. Under Paragraph 2 of the Second Settlement Agreement, in the event of a default, Defendant's Conditional Waiver is revoked and "Company shall owe the Funds the Conditional Waiver amount plus interest calculated at the rate of 4.0% compounded monthly from September 27, 2017 to date of actual payment."

38. As of the filing of this Complaint, the balance owed under the Second Settlement Agreement is $142,080.44. Plaintiffs also are entitled to all attorneys' fees and costs and related collection costs they incur as a result of a breach of the Second Settlement Agreement.

**WHEREFORE**, Plaintiffs, for themselves and on behalf of the Funds, ask the Court to:

(1) Enter judgment against Defendant in favor of the Plaintiffs for the amount of $174,629.02 together with interests and costs, including all attorneys' fees incurred in the collection of this deb; and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

MWM LAW LLC

Dated: May 4, 2023         BY: /s/ Maureen W. Marra
                           MAUREEN W. MARRA (ID. NO. 309865)
                           Two Bala Plaza, Suite 300
                           333 E. City Avenue
                           Bala Cynwyd, PA 19004
                           (484) 238-0899
                           maureen@mwmlawllc.com
                           *Attorney for Plaintiffs*

# EXHIBIT 2

Company owes the Plaintiffs the sum of **$404,829.86**. This amount includes the following:

### Count I: Contributions under ERISA

| Funds | Contributions[1] | Interest[2] | Liquidated Damages[3] | Audit Cost | TOTAL |
|---|---|---|---|---|---|
| Pension, Welfare, Apprenticeship | $169,029.55 | $9,346.24 | $16,902.95 | $2,079.57 | *$197,358.31* |
| *TOTAL* | *$169,029.55* | *$9,346.24* | *$16,902.95* | *$2,079.57* | *$197,358.31* |

### Count II: Contributions under Contract

| Funds | Contributions[1] | Interest[2] | Liquidated Damages[3] | Audit Cost | TOTAL |
|---|---|---|---|---|---|
| Pension, Welfare, Apprenticeship | $169,029.55 | $9,346.24 | $16,902.95 | $2,079.57 | *$197,358.31* |
| IAP, Check-Off and Job Targeting, PAC | $28,238.44 | $1,780.24 | $2,823.85 | - | *$32,842.53* |
| *TOTAL* | *$197,267.99* | *$11,126.48* | *$19,726.80* | *$2,079.57* | *$230,200.84* |

### Count III: Breach of Contract

| | |
|---|---|
| Balance as of 5/1/23 | $142,080.44 |
| Conditional waiver | $ 21,152.95 |
| 4% interest on waiver (9/27/17 to date) | $   5,303.72 |
| Attorneys' fees and costs (12/1/20 to 10/14/202) | $   6,091.91 |
| TOTAL | **$174,629.02** |

---

[1] For the period May 13, 2019 through December 31, 2021.
[2] Calculated through May 18, 2022.
[3] Liquidated damages are calculated at ten percent (10%) of the contribution amount for contributions that are unpaid as of the commencement of the litigation.