IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CEMENT MASONS' UNION LOCAL NO. 592 )
PENSION FUND, *et al.* )
                                                ) No. 2:23-cv-1727-JS
                Plaintiffs, )
v. )
    )
AURAND MASONRY CONCRETE, LLC )
    )
                Defendant. )

## STIPULATION AND CONSENT OF JUDGMENT

It is hereby stipulated and agreed ("the "Stipulation") by and between the parties named in this matter that a Judgment by Stipulation and Consent shall be entered in this action in favor of Plaintiffs Cement Masons Union Local No. 592 Pension Fund, *et al.* (collectively, "Plaintiffs"), and against Defendant Aurand Masonry Concrete, LLC ("Defendant"), and for an order dismissing the case without prejudice, to convert to prejudice on or about January 1, 2028, after Defendant makes a final payment to satisfy this Stipulation.

1.    Defendant is signatory to and bound by the terms of a Collective Bargaining Agreement(s)("CBA") with one or more local labor union(s) and/or district council(s) affiliated with the Cement Masons Union Local No. 592. The CBA is/are still in full force and effect.

2.    On January 2, 2024, the parties entered into a Settlement Agreement to resolve all claims asserted in this lawsuit. A true and correct copy of the Settlement Agreement is attached as Exhibit A and its terms and conditions are incorporated herein as if fully restated.

3.    Under the terms of the Settlement Agreement, Defendant agreed to have judgment entered in favor of Plaintiffs, in the amount of $221,503.25 which consists of the following:

| | |
|---|---|
| Contributions (1/1/22-1/31/23) | $ 81,118.56 |
| Interest    (through 11/2/23) | $ 6,635.71 |
| Liquidated Damages | $ 8,111.86 |

1

| | |
|---|---|
| Attorneys' Fees[2] | $ 2,837.00 |
| Balance of Prior Agreement (12/1/23) | $120,682.62 |
| Total Debt | $221,503.25 |

4. Under the terms of the Settlement Agreement, in the event of a default that is not timely cured by Defendant, Plaintiffs may immediately file a Writ of Execution or other documents to enforce the Settlement Agreement for all amounts remaining due under the Settlement Agreement, less payments to principal, including any additional (current) contributions, liquidated damages, interest, plus interest on the declining balance and additional attorneys' fees and costs incurred in by Plaintiffs to enforce the Settlement Agreement.

   (a)   <u>Interest owed upon default</u>. Defendant shall pay to the Funds post-judgment interest from the date this Judgment is ordered to the date of actual payment at four percent (4.0%) per year, compounded daily, on the Total Debt less payments received.

   (b)   <u>Additional attorneys' fees.</u> Defendant shall pay to the Funds any additional reasonable attorneys' fees and costs incurred thereafter in connection with this case to enforce and collect this judgment. If any further action by the Plaintiffs is required, they may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in ¶2 above. *See Free v. Briody*, 793 F.2d 807, 808-09 (7th Cir. 1986); *Trucking Employees of North Jersey Welfare Fund, Inc. v. Bellezza Co.*, 57 Fed. Appx. 972, 975 (3d Cir. 2003).

5. If Defendant fails to comply with any of the terms of this Stipulation, Plaintiffs may, in addition to pursuing the remedies provided under Federal Rule of Civil Procedure 69, reopen this case upon motion to this Court and notice to Defendant, and may at that time ask for further appropriate monetary and/or injunctive relief.

---

[2] Estimated as of December 31, 2023.

6. This Consent Order and Judgment is enforceable by the Plaintiffs individually, jointly, or by their agent.

7. The Clerk of the Court may immediately certify this Consent Order and Judgment for transfer to other jurisdictions upon the request of the Funds and payment of any required fee.

8. The Court shall retain jurisdiction over this matter to enforce the terms of the Agreement. The Clerk may administratively close the case.

Date: 1-15-24

Aurand Masonry Concrete, LLC

By: *(signature)*
Peter Aurand
Authorized representative of Defendant
Aurand Masonry Concrete, LLC

Date: 1/16/24

Cement Masons Union Local No. 592 Pension Fund, et al.

By: *(signature)*
Joseph Moskauski, For the Trustees

SO ORDERED.

**BY THE COURT:**

Date: January 17, 2024

By: /s/ Juan R. Sánchez
Juan Sánchez
United States District Judge